**QI SHUANG YE, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES,**
**Respondent.**

No. 06–3263–ag.

United States Court of Appeals,
Second Circuit.

April 5, 2007.

Lorance Hockert, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Aviva Poczter, Senior Litigation Counsel, John W. Blakeley, Trial Attorney, U.S. Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. ROBERT D. SACK and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Qi Shuang Ye, a native and citizen of the People's Republic of China, seeks review of a June 27, 2006 order of the BIA affirming the December 8, 2004 decision of Immigration Judge ("IJ") Vivienne Gordon–Uruakpa denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qi Shuang Ye,* No. A96 000 980 (B.I.A. June 27, 2006), *aff'g* No. A96 000 980 (Immig. Ct. N.Y. City Dec. 8, 2004). We assume the par-

ties' familiarity with the underlying facts and procedural history of the case.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, we will consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect our ultimate conclusion. *Jigme Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir.2006). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004).

■ In this case, substantial evidence supports the agency's adverse credibility finding, which was appropriately based on (1) a report from a consular investigation, indicating that the purported abortion certificate Ye submitted was fraudulent; (2) Ye's failure to submit rebuttal evidence or authenticate any of his other documentary submissions; and (3) Ye's admission that he lied at his airport and credible fear interviews when he stated that he was seeking asylum because he practiced Falun Gong.

■ We find no merit in Ye's challenges to the IJ's reliance on the consular report. As the IJ correctly noted, the government took adequate precautions to maintain the confidentiality of Ye's asylum application by redacting his wife's name and other identifying information from the document before sending it to Fuzhou City Hospital for verification. *Cf. Zhen Nan Lin v. U.S. Dep't of Justice*, 459 F.3d 255, 265 (2d Cir.2006). Moreover, the consular investigator supported her conclusion that the certificate was fabricated by attaching to her report a detailed letter from the vice director of the hospital. Although neither the investigator nor the vice director was available to testify at Ye's hearing, he never raised this objection before the IJ. Under these circumstances, the agency's reliance on the report was appropriate and consistent with due process requirements. *Cf. id.* at 268–70. Moreover, the agency reasonably concluded that, absent a satisfactory rebuttal and considering the other adverse factors in the record, the report severely undermined Ye's credibility. *See Borovikova v. U.S. Dep't of Justice*, 435 F.3d 151, 157–58 (2d Cir.2006); *see also Matter of O–D–*, 21 I. & N. Dec. 1079, 1081–82 (B.I.A.1998).

■ Accordingly, a reasonable fact-finder would not be compelled to overturn the IJ's adverse credibility finding. In addition, because Ye has not raised any arguments relevant to his illegal departure or his CAT claim before this Court, any such arguments are deemed waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Ye's pending motion for a stay of removal is DENIED as moot.